IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WALLA WALLA UNION BULLETIN, | ) | No. 38627-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALEXIS GUERRERO, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Alexis Guerrero sought discretionary review of an antiharassment order, issued by the Walla Walla County District Court in 2021 and affirmed in superior court. The order in question has since expired, rendering this case moot. Nevertheless, our commissioner granted review, reasoning that the question of whether a corporation may apply for an antiharassment order on behalf of its employees was a novel legal issue of ongoing public concern.

After the commissioner's ruling, our legislature recodified the law governing antiharassment petitions. The current law contains restrictions regarding when someone may petition for a protection order on behalf of others. Those restrictions were not in effect at the time of the antiharassment order issued in this case. Given this change in the law, there is no longer a public interest in determining whether, at the time of the petition in this case, the Walla Walla Union Bulletin was able to petition for a protection order on behalf of its employees. We therefore dismiss this review as improvidently granted.

## BACKGROUND

In March 2021, Fiona Vance, a human resources representative of the Walla Walla Union Bulletin, signed a petition on behalf of her employer for an antiharassment order against Alexis Guerrero.[1] The petition was filed in Walla Walla County District Court and identified the Union Bulletin as the sole petitioner. The petition stated Mr. Guerrero's actions toward Union Bulletin employees seriously alarmed, annoyed or harassed them, and caused substantial emotional distress.

The district court held a hearing in the matter and subsequently issued an antiharassment order. The order specified an expiration date of March 17, 2022.

---

[1] The record indicates that the Union Bulletin actually filed two petitions, and that the cases were joined for hearing as the allegations in the petitions were the same.

Clerk's Papers at 23. Mr. Guerrero appealed the order to superior court, which entered an order affirming the district court's order.

Mr. Guerrero sought discretionary review in this court in November 2021. A commissioner of this court granted review under RAP 2.3(d)(2) and (d)(3).

## ANALYSIS

The primary issue on review is whether the Walla Walla Union Bulletin, as a corporate entity, may petition for an order of protection on behalf of its employees. The parties do not address whether Ms. Vance, a nonlawyer, had the ability to petition for a protection order on behalf of the corporation. As noted by the commissioner's ruling granting discretionary review, the question of whether a corporation may petition for an order of protection on behalf of its employees was a novel question that had not been resolved by Washington's appellate courts. Although the restraining order in this case expired after review was granted, making this case moot, our commissioner reasoned that the question of whether a corporation may petition for a protection order on behalf of its employees was a significant question of Washington law that would be of continuing and substantial public concern, warranting review under RAP 2.3(d)(2) and (d)(3).

At the time the commissioner granted review, the equities in this case may have weighed in favor of review. However, after the commissioner's ruling, Washington's law

governing antiharassment petitions changed. Effective July 1, 2022, chapter 10.14 RCW

was repealed and replaced by chapter 7.105 RCW. LAWS OF 2021, ch. 215 § 170. Unlike

the former statute, the current law provides specific guidance on when one person may

petition for an antiharassment protection order on behalf of another person. The current

statute states, in relevant part:

> . . . The petitioner may petition for an antiharassment protection order on behalf of:
>     (i) Himself or herself;
>     (ii) A minor child, where the petitioner is the parent, legal guardian, or custodian;
>     (iii) A vulnerable adult, where the petitioner is an interested person; or
>     (iv) Any other adult for whom the petitioner demonstrates to the court's satisfaction that the petitioner is interested in the adult's well-being, the court's intervention is necessary, and the adult cannot file the petition because of age, disability, health, or inaccessibility.

RCW 7.105.100(1)(f).

The former statute applied to the protection order issued in this case. Given

the substantial change in the statute, any analysis of whether the former statute allowed

for a corporation to petition for an antiharassment order would not be helpful to future

litigants. This case therefore no longer involves a matter of ongoing public concern.

Because the district court's antiharassment order is no longer in effect, there is no need

for us to address the propriety of that order. We therefore dismiss review before this court

as improvidently granted.

CONCLUSION

Discretionary review is dismissed as improvidently granted.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.